CIV-110

**ATTORNEY OR PARTY WITHOUT ATTORNEY:** STATE BAR NO.:
NAME: Miguel Castillo individually b/d/a Life Entertainment Presents LLC
FIRM NAME:
STREET ADDRESS: 4812 B Street
CITY: Sacramento    STATE: CA    ZIP CODE: 95819
TELEPHONE NO.: 916-541-6302    FAX NO.:
E-MAIL ADDRESS: Miguel.LifeEntertainment@gmail.com
ATTORNEY FOR (Name): Pro Se

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Eastern District of California
STREET ADDRESS: 501 I Street # 4200
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: United State Eastern District Court

# FILED
JUN - 8 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Plaintiff/Petitioner: LOVETTE CASTRO, MALO CORPORATE ENTERPRISES
Defendant/Respondent: Miguel Castillo individually b/d/a Life Entertainment Presents LLC, Crest Theatre Robert Wayne Emerick

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>2:23-cv-00448-TLN-CKD |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1.  **TO THE CLERK:** Please **dismiss** this action as follows:
    a. (1) [x] With prejudice    (2) [ ] Without prejudice
    b. (1) [x] Complaint    (2) [ ] Petition
       (3) [ ] Cross-complaint filed by (name):                    on (date):
       (4) [ ] Cross-complaint filed by (name):                    on (date):
       (5) [x] Entire action of all parties and all causes of action
       (6) [x] Other (specify):* Miguel Castillo and b/d/a Life Entertainment Presents, LLC

2.  (Complete in all cases except family law cases.)
    The court [ ] did [ ] did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 5/25/2023

_____ (TYPE OR PRINT NAME OF [ ] ATTORNEY [x] PARTY WITHOUT ATTORNEY)

_____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [x] Defendant/Respondent
[ ] Cross Complainant

3.  **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

_____ (TYPE OR PRINT NAME OF [ ] ATTORNEY [x] PARTY WITHOUT ATTORNEY)

_____ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [x] Defendant/Respondent
[ ] Cross Complainant

*(To be completed by clerk)*

4.  [ ] Dismissal entered as requested on (date):
5.  [ ] Dismissal entered on (date):                    as to only (name):
6.  [ ] Dismissal **not entered** as requested for the following reasons (specify):

7.  a. [ ] Attorney or party without attorney notified on (date):
    b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
       [ ] a copy to be conformed    [ ] means to return conformed copy

Date:                    Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Plaintiff/Petitioner: *LOKETTE CASTRO MALB CORPORATE ENTERPRISES: LLC*

Defendant/Respondent: *Miguel Castillo d/a/a Life Entertainment Presents LLC. Creat theatre Robert Magal Emerick*

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

**Declaration Concerning Waived Court Fees**

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. [x] not recovering anything of value by this action.
   b. [ ] recovering less than $10,000 in value by this action.
   c. [ ] recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. [ ] All court fees and court costs that were waived in this action have been paid to the court *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____          /          _____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [x] PARTY MAKING DECLARATION)                    (SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form  | Save this form                Clear this form

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*   Case 2:21-cv-00448-TLN-CKD   Document 9    Filed 06/08/23    Page 3 of 28

## I. (a) PLAINTIFFS

LOVETTE CASTRO, MALO CORPORATE ENTERPRISES, LLC

**DEFENDANTS**

Miguel Castillo individually b/d/a Life Entertainment Presents LLC, Crest Theatre Robert Wayne Emerick

**(b)** County of Residence of First Listed Plaintiff   Waleska/Orlando/Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Sacramento
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*
Pro Se

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Dismissal of Federal Trademark Infringement under Federal Rule 41

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

From:

Miguel Castillo

4812 B Street

Sacramento, CA 95819

To:

United States District Court

Easter District of California

Chamber of Kimberly J. Muller

Chief United States District Judge

RE: Case No: 2:23-CV-00448-TLN-CKD

I want to go on record that Miss Lovette Castro claims that I was served regarding this case, yet I have to date, not been served. I learned about this case by some Lawyer contacting me wanting to represent me. On or around April 15, 2023 I received in the mail information about the case, but was not any forms regarding that I was being served.

Additionally, I have no claim or interest in the Malo Logo. I hired the Malo Band, represented by Malo Band LLC with lead singer Richard Bean and also represented by their attorney Steven Lowe, for a concert. I was provided with all promotional materials from them which included their name, their logo and a picture.

Thank you,

Miguel Castillo



**LOWE**
**& ASSOCIATES**
*Attorneys at Law*

**Steven T. Lowe**
**Managing Partner**
Steven@lowelaw.com
8383 Wilshire Blvd, Suite 1038
Beverly Hills, California 90211
310-477-5811

August 5, 2022

<u>**VIA EMAIL SERVICE**</u>
Mr. Miguel Castillo
d/b/a Life Entertainment
Life Entertainment Presents, LLC
4812 B Street
Sacramento, CA 95819

      ***RE:***    ***Malo Band LLC v. Estate of Arcelio Garcia et. al.***

Dear Mr. Castillo:

Please be advised that this firm represents Malo Band LLC, comprised of founding member, Richard Bean, Mauricio Menjivar (deceased), Octaviano Cueto, Roberto Quintana, Tom Poole, and their manager, Mark Delgado (collectively "Malo" or "Clients"). It has come to our attention that you may have received a "Legal Notification" from Bernard H. Jackson, III on behalf of Malo Corporate Enterprises, LLC ("Malo Corporate Enterprises") regarding the promotional and marketing material for the "Malo and Tierra 50th Anniversary Concert," scheduled for October 6th, 2022, at the Crest Theatre in Sacramento, CA (the "Venue"). Please note that this is a response to that communication.

The Malo band that we represent not only has the sole original surviving member of MALO (namely, Richard Bean, who wrote and performed lead vocals on the group's hit song, "Suavecito"), but our clients' group is comprised of multiple members who performed on later MALO albums (e.g. Tom Poole - Lead Trumpet: recorded on MALO DOS album, Octaviano Cueto Vocalist - performed and recorded on the MALO En Vivo album). On the other hand, the other Malo has no original MALO members. Moreover, Malo Corporate Enterprises' attempt to claim superior ownership to the Malo Trademark is smoke and mirrors.

In his letter, Mr. Jackson implied that Malo Corporate Enterprises owns the exclusive rights to the "Malo Dragon Motif Logo" ("The Logo") because it has been "exclusively assigned the trademark rights." However, Malo Corporate Enterprises has no legitimate rights to the Malo Dragon Motif or the Malo Trademark. Among other reasons for said conclusion, they have not established any legitimate, legally sufficient, bona fide chain of title from Arcelio Garcia, who passed away in August 2020. *See*, e.g., 15 U.S.C. § 1060a(3) ("Assignments shall be by instruments in writing duly executed"). Assuming that the trademark passed intestate to his heirs, which is in of itself a complex

legal issue, there is no real assignment from Mr. Garcia's rightful heirs to Malo Corporate enterprises. Our initial investigation reveals that there are multiple potential heirs, who would need to join in said conveyance at a minimum. On the other hand, our Clients do have ownership to the Malo Trademark, and furthermore have Copyright Ownership of the Malo Dragon Motif. See Exhibit A: Trademark Registration No. 5665043; See Exhibit B Confirmation Email of Registration from the U.S. Copyright Office (Registration No. RE0-932-600 as of June 16, 2021).

Furthermore, we have filed a Petition to Cancel Mr. Garcia's trademark under 15 U.S.C. § 1064(3). Our clients have asserted multiple claims, including abandonment, false suggestion of a connection, and misrepresentation of source. See Exhibit C: Petition to Cancel No. 92077820.

Please contact me to discuss the foregoing if you have any questions or concerns

**ALL RIGHTS RESERVED**

                                        **LOWE & ASSOCIATES, P.C.**

Date: August 5, 2022            **By:**           _____

                                        Steven T. Lowe, Esq.

# ◢ LOWE
## & ASSOCIATES
*Attorneys at Law*

**Steven T. Lowe**
**Attorney**
Steven@lowelaw.com
8383 Wilshire Blvd, Suite 1038
Beverly Hills, California 90211
310-477-5811

August 13, 2021

<u>**VIA E-mail & U.S. Standard Mail**</u>
Mr. Miguel Castillo
d/b/a Life Entertainment
Life Entertainment Presents, LLC
4812 B ST
Sacramento, CA 95819
miguel.lifeentertainment@gmail.com

### RESPONSE TO MR. BERNARD JACKSON'S LETTER TO YOU

### RE:     *Malo Band LLC v. Estate of Arcelio Garcia et. al.*

Dear Mr. Castillo:

Please be advised that this firm represents Malo Band LLC, comprised of Richard Bean, Mauricio Menjivar, Octaviano Cueto, Roberto Quintana, Tom Poole, and their manager, Mark Delgado (collectively "Our Clients"). On August 11, 2021, you received a "Legal Notice" from Bernard H. Jackson on behalf of the Estate of Arcelio Garcia demanding that you cease and desist from any and all use of the "Malo" name and logo. Please note that for all the reasons set forth hereinbelow, you should ignore that communication.

In his letter, Mr. Jackson implied that his client (Mr. Garcia's estate) owned the exclusive rights to the Malo name and logo by way of a registered a trademark with the United States Patent & Trademark Office ("USPTO"). For numerous reasons, this statement is incorrect and misleading as to the ownership of Malo's intellectual property.

#### <u>Copyright Ownership</u>

Firstly, the U.S. Copyright Office awarded Our Clients ownership of the logo in question ("The Logo") (Registration Number RE0-932-600). (**Exhibit 1**). This gives Our Clients the exclusive rights to display, distribute, and reproduce The Logo. 17 U.S.C § 106. Accordingly, Mr. Jackson's clients do not own the exclusive rights to The Logo and are in fact infringing on Our Client's exclusive rights through their unauthorized use of The Logo.

#### <u>Trademark Ownership</u>

Secondly, the registration of Mr. Garcia's trademark was an error, and we have filed a petition to cancel with the USPTO. Mr. Garcia had no right to register a trademark as an individual on behalf of the band, because he alone does not represent "Malo". *See Wonderbread 5 v. Gilles*, 115 U.S.P.Q.2d 1296, 1305, 2015 WL 4380986 (T.T.A.B. 2015) (Cancelling the



**Steven T. Lowe**
**Attorney**
Steven@lowelaw.com
8383 Wilshire Blvd, Suite 1038
Beverly Hills, California 90211
310-477-5811

registration for mark of a musical group which was issued to one member of the group when the group as a partnership was the owner.); *See also, Huang v. Tzu Wei Chen Food*, 849 F.2d 1458, 7 USPQ2d 1335, 1336 (Fed. Cir. 1988) (affirming the Board's holding that an application was void ab initio because the applicant was not the owner of the mark on the filing date).

Similarly, Mr. Jackson's clients have no subsequent rights to the material in question. Trademark assignments must be done by instruments in writing duly executed. 15 U.S.C. §1060(a). A request that a registration be issued in the name of a new owner will not be granted unless documents recorded in the Assignment Recordation Branch show clear chain of title from the original applicant to the new owner. TMEP § 502.02(a). These procedures for establishing ownership apply to changes of legal entity, such as when a trademark holder dies. *Id.* at § 1613.07(c). We have been in contact with Mr. Garcia's Estate, and they have not provided any evidence of such an assignment. Therefore, absent some valid assignment by Mr. Garcia to his estate, his trademark registration does **not** automatically transfer to them, and they may not exercise control over the Malo name and logo.

Our Clients also have a registered trademark with the USPTO, but correctly attributed the ownership of the Malo name to the band, not to themselves as individuals. (**Exhibit 2**). Therefore, it is our clients that have a registered trademark.

### Misrepresentation – Unfair Competition and Unfair Business Practices

Thirdly, Mr. Jackson was incorrect is stating that the use of The Logo in connection with Our Clients misleads the public, and that you are engaging in unfair competition or false advertising. In fact, it is Mr. Jackson's clients who are misleading the public by using Our Client's logo in connection with a group that does not contain **any** original members.

A party is liable for unfair competition and/or false or misleading advertising where members of the public (i.e. reasonable consumers) are likely to be deceived. *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019). Under Cal. Bus. & Prof. Code §§ 17200 et seq. and 17500 et seq., conduct including unfair, deceptive, untrue or misleading advertising exposes Mr. Jackson's clients to legal liability.

By using the Malo logo and the hit song "Suavecito" to market their group and promote their shows, Mr. Jackson's clients are falsely associating the goodwill and performing standards of Our Clients with their group. This is deceptive and misleading to consumers, who undoubtedly expect to see the lead singer of Malo's hit song when he is still performing as Malo and the song is being used to advertise a "Malo" show. Furthermore, they are still falsely representing that

Our clients represent the most complete incarnation of Malo, whose band members have performed on multiple Malo albums including founding member, Richard Bean.



**Steven T. Lowe**
**Attorney**
Steven@lowelaw.com
8383 Wilshire Blvd, Suite 1038
Beverly Hills, California 90211
310-477-5811

Therefore, our clients are best able to represent and control the qualities of Malo that a reasonable consumers would expect.

Please contact me to discuss the foregoing if you have any questions or concerns.

ALL RIGHTS RESERVED.

Very yours truly,

**Lowe & Associates, P.C.**

Steven T. Lowe, Esq.
Counsel for The Malo Band LLC, Richard Bean, Mauricio Menjivar, Octaviano Cueto, Roberto Quintana, and Tom Poole



# LOWE & ASSOCIATES

### A PROFESSIONAL LAW CORPORATION

8383 Wilshire Boulevard, Suite 1038
Beverly Hills, CA 90211
**T** 310-477-5811   **F** 310-477-7672

lowelaw.com

Steven T. Lowe
*steven@lowelaw.com*

Aleksandra M. Hilvert
*aleksandra@lowelaw.com*

Vikram Amritraj
*vikram@lowelaw.com*

Jared Densen
*jared@lowelaw.com*

Kris S. LeFan (Of Counsel)
*kris@lowelaw.com*

March 30, 2020

**VIA FedEx**
Mr. Arcelio Garcia
2601 Clovis Ave.
Clovis, CA 93612

RE:    ***Malo Band LLC v. Arcelio R. Garcia***
       **NOTICE OF CLAIMS AND DEMAND TO CEASE AND DESIST**

Dear Mr. Garcia:

Please be advised that this firm, Lowe & Associates, P.C. (the "Firm") represents the Malo Band LLC ("Malo"). Malo is the owner of the copyright to the "MALO Dragon Motif Logo" (the "Work"). *See, Assignment of Copyright from John Casado attached to Complaint as Exhibit B.* By virtue of said copyright, our client is the sole owner of all rights and interest in and to the Work. As legal owner of this Work, Malo is entitled to prevent others from using the same or similar Work. Furthermore, Mr. Garcia ("You") are engaging in unfair business practices by making claims misrepresenting that You wrote "Sauvecito" (the "Composition"), when in fact You did not. It was written by Richard Bean, Abel Zarate, and Pablo Tellez, whom also own the copyright thereto (Registration No. Eu 297833).

We have learned that You, alone or in conjunction with others, are using the Work on promotional materials, on social media, and merchandise, among others, without Malo's authorization. Such use, and any continued use after this notice, constitutes intentional copyright infringement in violation of the Copyright Act, 17 U.S.C. §501(a). Furthermore, as more fully set forth in the unfiled complaint attached hereto, Your actions constitute trademark infringement in violation of 15 U.S.C. § 1125 of an unregistered mark, trademark dilution (by blurring) in violation of 15 U.S.C. §1125(c)(2)(B), and trademark dilution (by tarnishment) in violation of 15 U.S.C. §1125(c)(2)(C). Finally, we have learned that You have also committed a fraudulent and/or false registration of the MALO Dragon motif logo, in violation of 15 U.S.C. §1120.

Malo Band LLC v. Garcia
Cease & Desist Letter

**FACTUAL STATEMENT**

On or about December 15, 1971, Mr. John Casado created and obtained copyright for the Malo Dragon motif logo.

In or about January 1972, the band "Malo" released their debut LP entitled *Malo*, which included the single "Suavecito," and which featured the Work of John Casado as the cover art. The original members of Malo were Richard Bean, Pablo Tellez, Jorge Santana, Abel Zarate, Roy Murray, Richard Spremich, and You. The credited writers of the Composition are Richard Bean, Pablo Tellez, and Abel Zarate. You are not one of the writers of the Composition. The copyright registration reflects this. *See, Exhibit A attached to Complaint.*

The Work has been used in commerce since June 1, 1972 in connection with the Latin Rock group "Malo." This was actually acknowledged by You on several occasions, including Your trademark application.

On November 12, 2002, You wrongfully filed an application to register the trademark for Malo, including the Dragon motif logo, with the United States Patent and Trademark Office ("USPTO") without the legal right to do so (as the Malo trademark had been used by the original members and the following persons: Gabriel Manzo, Jack Musgrove, Pete Rodriguez, Octaviano Cueto, Daniel Cervantes, Gibby Ross, and David George.) Thereafter, on January 17, 2006 the USPTO registered the Work on the Principal Register (Reg. No. 3,044,251).

On February 7, 2018, Malo (via Mr. Mark Delgado) filed an application for a service mark, which was registered on the Principal Register on January 29, 2019, granting Malo a Class 41 mark in the trade name "Malo."

On July 12, 2018, Mr. Casado emailed Mr. Delgado detailing the copyright chain of title to the Work wherein Mr. Casado stated that You have falsely registered Mr. Casado's work with the USPTO. Mr. Casado specifically said, "Mr. Garcia has fraudulently made claim to having designed the Malo logo and proceeded to trademark the logo for financial gain. I have never met or talked to Mr. Garcia." Mr. Casado subsequently signed an affidavit to the same. *See, Exhibit F attached to Complaint.*

On August 7, 2019, Mr. Delgado notified Mr. Michael Scafuto of M&M Group (representation for You and your band) wherein he described in detail some of the issues contained herein.

On January 30, 2020, Mr. Casado transferred the copyright in the Work to Malo's members, Messrs. Mark Delgado, Richard Bean, and Tony Menjivar, as members of Malo Band LLC. *See, Exhibit B attached to Complaint.*

Since at least 2018, You have been destroying the Malo brand and goodwill by failing to materially sing or perform up to the standards set by the Malo band as it was constructed in the 1970's and curated through today. Not only are You unable to sing adequately, but You are

Page 3
Malo Band LLC v. Garcia
Cease & Desist Letter

physically unable to perform, which is clearly evidenced by You falling off of the stage during a performance at the Los Angeles County Fair on September 6, 2019. Not only aren't You entitled to use the Work or the trademark, but You are diluting the brand.

In addition, it has come to our attention that You are misleading the public by misrepresenting during public performances that You wrote the hit song "Suavecito." In or around 2017, the real Malo offered to pay You a portion of their revenue from their road shows to stop all of these actions without the necessity of further legal action. To date, the only response, approximately six months after contact, by You was to tell our Client to "f*** off."

You have further disparaged Malo by calling them "the Fake Malo" on social media on several occasions including, October 14, 2018 (*see, Exhibit G attached to Complaint*), April 4, 2019 (*see, Exhibit H attached to Complaint*), and July 7, 2019 (*see, Exhibit I attached to Complaint*) and have subsequently caused them to lose shows because of this, including the following: "Where music meets the Soul's" The Canyon events. Moreover, Your actions caused Eventbrite to cancel an event of Malo's at The Four Points Sheraton Hotel in San Diego.

Finally, You are profiting off of Your infringement of Malo's copyright and trademark by selling merchandise with the infringing mark, branded under the infringing name, including but not limited to, t-shirts, hats, and compact-discs.

We have attached a federal court complaint against You. If You fail to comply with the demands contained herein, we will have no alternative but to file said action and seek all damages and remedies available.

## SUMMARY OF CLAIMS

1. **Copyright Infringement.** A party is liable for copyright infringement if it exercises an exclusive right of a copyright owner without authorization, pursuant to 17 U.S.C. §501(a). These rights include the rights to: (1) reproduce a copyrighted work; (2) prepare derivative works based on a copyrighted work; or (3) distribute a copyrighted work to the public (17 U.S.C. §106). Mr. John Casado registered the Work with the US Copyright Office on or about December 15, 1971 (Registration No. Eu 297833). Thereafter, Mr. Casado transferred the copyright to Messrs. Mark Delgado, Richard Bean, and Tony Menjivar, as members of MALO Band LLC, on January 30, 2020 for good and valuable consideration in front of a notary public of California. You are infringing upon said copyright by using it on merchandise, promotional materials, and social media posts, among other items.

2. **Trademark Infringement.** To prevail on a claim for trademark infringement, "a plaintiff must show that (1) it has a valid, protectable mark, and (2) the defendant's use of the mark is likely to cause confusion. *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). Courts that have confronted the problem of the status of a trademark for the name of a musical group when one of its members departs and continues to perform under the group's name have determined that members of a group do not retain rights to use the group's name when they leave the group. *Robi v. Reed*, 173 F.3d 736, 739–40 (9th Cir. 1999); *see also, e.g., HEC Enters., Ltd. v. Deep Purple, Inc.,* 213 U.S.P.Q. 991

(C.D.Cal.1980) (former members of a group prohibited from performing under the band's name when members of the original group, with certain replacement members, continued to use the name); *Kingsmen v. K–Tel Int'l, Ltd.,* 557 F.Supp. 178 (S.D.N.Y.1983) (holding, *inter alia,* that the former lead singer of The Kingsmen, who was with the group when it recorded the hit song "Louie Louie," did not have the right to use the name after his departure). Malo's trademark is a valid, protectable mark which has become famous and distinctive over five decades and has thus gained secondary meaning. Your use of the mark is causing confusion as to who is who. You have taken the mark and performed under the name "Malo" which is not You. You are therefore infringing upon Malo's trademark. At best, you are entitled to say that you are "formerly of" Malo, or a similar variation thereof.

3. **Trademark Dilution.** "To state a claim for trademark dilution, a plaintiff must allege that '(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment.' *Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 634 (9th Cir.2007) (citing 15 U.S.C. § 1125(c)). The analysis is the same under state law. *Id.* '[A] mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner.' 15 U.S.C. § 1125(c)(2)(A). In determining whether a mark is sufficiently famous, courts may consider: (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark; (iii) The extent of actual recognition of the mark; and (iv) Whether the mark was registered. *Id.*" *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.,* 212 F.Supp.3d 816, 827 (N.D. Cal. 2016). In this case, the Malo trademark is a "famous" mark.

   a. **Dilution by Tarnishment.** A claim for dilution by tarnishment 'generally arises when the plaintiff's trademark is linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context likely to evoke unflattering thoughts about the owner's product.' *Deere & Co. v. MTD Prods., Inc.,* 41 F.3d 39, 43 (2d Cir.1994)." *Tiffany (NJ) Inc. v. eBay Inc.,* 600 F.3d 93, 111 (2d Cir. 2010). As stated in this Circuit, "a famous mark is considered diluted by tarnishment when the reputation of the famous mark is harmed by the association resulting from the use of the similar mark." *adidas Am., Inc. v. Skechers USA, Inc.,* 890 F.3d 747, 765 (9th Cir. 2018). You are tarnishing the image of Malo by continuing to perform Malo's Composition, and other Malo songs, and butchering the songs to such a degree that the performance harms the actual Malo band and its mark due to the association with You.

   b. **Dilution by Blurring.** When a claim is based on a dilution by blurring, the question is whether the "association arising from the similarity between a mark or trade name and a famous mark ... impairs the distinctiveness of the famous mark." § 1125(c)(2)(B). "A court may consider all relevant factors in making this determination, including the six identified by the statute: (i) The degree of similarity between the mark or trade name and the famous mark[;] (ii) The degree of inherent or acquired distinctiveness of the famous mark[;] (iii) The extent to which the

owner of the famous mark is engaging in substantially exclusive use of the mark[;] (iv) The degree of recognition of the famous mark[;] (v) Whether the user of the mark or trade name intended to create an association with the famous mark[; and] (vi) Any actual association between the mark or trade name and the famous mark." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 635–36 (9th Cir. 2008). You are blurring the trademark of Malo by using Malo's original trademark for yourself without, at the very least, indicating that You are "formerly of" the band Malo. In fact, you have hi-jacked the Malo name for Yourself, which is a blatant infringement of our Malo's rights. *See supra, Robi*, 173 F.3d 736 (9th Cir. 1999); *HEC Enters., Ltd.*, 213 U.S.P.Q. 991 (C.D.Cal.1980); and *Kingsmen*, 557 F.Supp. 178 (S.D.N.Y.1983)

4. **Unfair Competition / Unfair Business Practices (Misrepresentation).** A party is liable under §17200 et seq., and §17500 et seq. for unfair competition and/or false or misleading statements when members of the public (i.e. the reasonable consumer) are likely to be deceived. *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code § 17200. You are misleading the public by making the statement that You wrote "Suavecito," when it is documented that Richard Bean, Pablo Tellez, and Abel Zarate wrote the song. The reasonable consumer is likely to be deceived by these comments since they are coming from an original band member. Additionally, You are misleading the public into believing that You are the real Malo, when You have actually hi-jacked the Malo mark and are misappropriating it. Moreover, You are making false and deceptive statements to consumers and companies alike, that work with Malo, in order to intentionally deceive them into believing Your false narrative.

5. **Fraudulent/False Trademark Registration.** "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." *15 U.S.C. § 1120*. You fraudulently registered a trademark in the MALO Dragon motif logo on January 17, 2006, stating that it was for "a Latin vocal and instrumental group that has been performing since the early 1970s." *See, Exhibit C & D attached to Complaint*. However, when You left the original Malo band in or around 1985, You did not have the authority to take the band's trademark, and therefore You did not have the right to register it with the USPTO. Furthermore, You used an image as the logo which You did not have any rights to.

6. **Trade Libel.** A cause of action for trade libel requires: "(1) a publication, (2) which induces others not to deal with plaintiff, and (3) special damages. ... *Polygram Records, Inc. v. Superior Court,* 170 Cal.App.3d 543, 548–49, 216 Cal.Rptr. 252, 255 (1985)." *Aetna Cas. & Sur. Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988). On at least one occasion, on October 14, 2018, You called Malo the "Fake Malo" on Facebook to their consumer base. This social media post constitutes a publication. That publication has directly induced others not to deal with Malo, specifically, Eventbrite cancelled a Malo

Page 6
Malo Band LLC v. Garcia
Cease & Desist Letter

event in San Diego, California precisely because of Your misrepresentations. Moreover, at least some of Malo's consumer base was induced to not attend a Malo concert because of Your actions. You have caused Malo to incur damages to their goodwill, image, and bank account. Your actions constitute trade libel against Malo.

7. **Intentional Interference with Prospective Economic Advantage.** "Under California law, a plaintiff must establish five elements to prevail on an intentional-interference-with-contract claim: '(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.' *Pac. Gas & Elec. Co. v. Bear Stearns & Co.,* 50 Cal.3d 1118, 1126, 270 Cal.Rptr. 1, 791 P.2d 587 (1990). The elements for intentional interference with prospective economic advantage are essentially the same, just substituting an economic relationship with a contract. *Westside Ctr. Assocs.,* 42 Cal.App.4th at 521–22, 49 Cal.Rptr.2d 793. But in the latter type of claim, the interference must be 'independently wrongful,' that is, it must be 'proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard.' *Edwards v. Arthur Andersen LLP,* 44 Cal.4th 937, 944, 81 Cal.Rptr.3d 282, 189 P.3d 285 (2008)." *Curtis v. Shinsachi Pharm. Inc.,* 45 F. Supp. 3d 1190, 1202 (C.D. Cal. 2014). In the present case, Malo had contracts with (or the probability of future economic benefit from) The Canyon events and The Four Points Sheraton in San Diego. You intentionally interfered with said contracts by making multiple misrepresentations including that Malo was the "fake Malo" and claiming You and Your band are the real Malo using the Malo trademark.

## DEMANDS

Based upon the foregoing, we hereby demand:

1. That You immediately cease and desist from further use of the Malo Dragon mark;

2. That You immediately cease and desist from further use of the name Malo;

3. That You immediately cease and desist from further performances of "Suavecito";

4. That You immediately transfer the trademark registration to the Malo mark (Reg. No. 3044251) to Malo to properly identify the owner;

5. Retract all claims and statements made to the public regarding Malo being the "fake Malo";

6. Retract all statements made to anyone which has caused Malo loss of performances;

7. Affirmatively publish a statement to the public denouncing all of Your past statements regarding Malo, state that Malo Band LLC is the original Malo, and state that You have been infringing the Malo name;

Page 7
Malo Band LLC v. Garcia
Cease & Desist Letter

8. Destroy all products with the infringing Malo mark;

9. Cause the USPTO to cancel Your trademark registration to the Malo Dragon, or in the alternative, cause the registration to be transferred to Malo Band LLC;

10. Damages equal to the amount of revenue that You have caused Malo to lose based on Your actions;

11. Please contact me to discuss implementation of the foregoing.


**PRESERVATION OF EVIDENCE**

You are required to preserve all digital and other evidence. Further, you are required to terminate all scheduled data destruction, electronic shredding, rotation of backup tapes, and the sale, gift, or destruction of hardware. If you fail to preserve all relevant evidence pertaining to the above-referenced matter, our Client may seek sanctions against you as permitted under Federal law. See, e.g., *In re Napster, Inc. Copyright Litig.*, 462 F.Supp.2d 1060, 1077 (N.D. Cal. 2006).

**NOTICE**

We hereby demand that you comply with the above-described requests within seven (7) days. If we do not receive an adequate response within seven (7) days of this letter, our Client will have no alternative but to take such steps as is necessary to protect its rights, including but not limited to, immediately instituting proceedings against You in the United States District Court for the Central District of California, for all damages and remedies which it is entitled, as set forth in the attached complaint.

ALL RIGHTS RESERVED.


Very yours truly,

**Lowe & Associates, P.C.**

*/s/ Jared Densen*

Jared Densen, Esq.
Counsel for The Malo Band LLC

| To: | Garcia, Arcelio R. (kbathurst@daklaw.com) |
|---|---|
| **Subject:** | TRADEMARK APPLICATION NO. 78184385 - MALO - 10365.001 |
| **Sent:** | 11/21/03 10:39:23 AM |
| **Sent As:** | ECom102 |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 78/184385

**APPLICANT**:     Garcia, Arcelio R.

**CORRESPONDENT ADDRESS**:
KENT BRIAN BATHURST
Dowling, Aaron & Keeler
6051 N. Fresno Street; Suite 200
Fresno CA USA 93710

**RETURN ADDRESS**:
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514
**ecom102@uspto.gov**

If no fees are enclosed, the address should
include the words "Box Responses - No Fee."

**MARK**:     MALO

**CORRESPONDENT'S REFERENCE/DOCKET NO** :  10365.001

Please provide in all correspondence:

**CORRESPONDENT EMAIL ADDRESS**:
kbathurst@daklaw.com

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail
   address.

Serial Number   78/184385

### NOTICE OF SUSPENSION

Action on this application is suspended pending the disposition of:

- Application Serial No(s). **75/813406**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application. See 37 C.F.R. §2.83.  A copy of information relevant to this pending application(s) **was sent previously.**  The applicant may request that the application be removed from suspension by presenting arguments related to the potential conflict between the relevant applications or other arguments related to the ground for suspension. The applicant's election to present or not to present arguments at this time will not affect the applicant's right to present arguments later.

Please note that the following requirements are continued:

The requirement that the applicant submit a new drawing, and that the applicant submit a stippling statement if the new drawing includes stippling.

Nancy Clarke
/nancy clarke/
Trademark Examining Attorney
Law Office 102
Tel. (703) 308-9102, Ext. 212

Fax (703) 746-8102
ecom102@uspto

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 3,044,251

## United States Patent and Trademark Office

Registered Jan. 17, 2006

### SERVICE MARK
### PRINCIPAL REGISTER



GARCIA, ARCELIO R. (UNITED STATES INDI-
VIDUAL)
4781 N. POLK AVENUE
BUILDING 149; MAILBOX 13
FRESNO, CA 93722

FOR: ENTERTAINMENT, NAMELY, LIVE PER-
FORMANCES BY A LATIN VOCAL AND INSTRU-
MENTAL GROUP THAT HAS BEEN PERFORMING
SINCE THE EARLY 1970S , IN CLASS 41 (U.S. CLS.
100, 101 AND 107).

FIRST USE 4-10-1971; IN COMMERCE 4-10-1971.

THE MARK CONSISTS OF THE WORDING
MALO WITH A DRAGON FORMED BY THE LET-
TERING OF THE WORD.

THE ENGLISH TRANSLATION OF THE WORD
MALO IN THE MARK IS BAD OR EVIL.

SER. NO. 78-184,385, FILED 11-12-2002.

NANCY CLARKE, EXAMINING ATTORNEY

🔋                  🔒 tsdr.uspto.gov              ↻

Status results found

| STATUS | DOCUMENTS | MAINTENANCE | ❓ | | ⬇ Download ▲ | 🖨 Print Preview |

**Generated on:** This page was generated by TSDR on 2023-04-24 15:51:39 EDT

**Mark:** MALO



| | |
|---|---|
| **US Serial Number:** 78184385 | **Application Filing Date:** Nov. 12, 2002 |
| **US Registration Number:** 3044251 | **Registration Date:** Jan. 17, 2006 |
| **Register:** Principal | |
| **Mark Type:** Service Mark | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Cancellation/Invalidation Pending

This trademark application has been registered with the Office, but it is currently undergoing a challenge which may result in its removal from the registry.

**Status:** A cancellation proceeding is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Oct. 18, 2021

**Publication Date:** Oct. 25, 2005

▴ **Mark Information**                                        ▾ Expand All

▴ **Goods and Services**

▴ **Basis Information (Case Level)**

▾ **Current Owner(s) Information**

**Owner Name:** Garcia, Arcelio R.

**Owner Address:** 2601 Clovis Ave
Clovis, CALIFORNIA UNITED STATES 93612

**Legal Entity Type:** INDIVIDUAL                                **Citizenship:** UNITED STATES

Safari  File  Edit  View  History  Bookmarks  Develop  Window  Help                                    Mon Apr 24  1:17 PM

● ● ●    □ ˅    ‹ ›                    🖚                    🔒 tmsearch.uspto.gov                    ✆ ᗡ                    ⊕ �🗂 + ⎘

*TESS was last updated on Mon Apr 24 03:47:22 EDT 2023*

Logout  Please logout when you are done to release system resources allocated for you.

Start **List At:**    OR  Jump  **to record:**    **Record 40 out of 53**

TSDR    Assign Status    TTAB Status    *( Use the "Back" button of the Internet Browser to return to TESS)*



**Word Mark**          **MALO**
**Goods and Services** (ABANDONED) IC 041. US 100 101 107. G & S: audio tapes, cd's,posters, photos for latin musical band.; audio tapes,cd's,posters,photo's for latin musical band. FIRST USE: 19710410. FIRST USE IN COMMERCE: 1971041
**Mark Drawing Code** (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM
**Serial Number**      78028113
**Filing Date**        September 28, 2000
**Current Basis**      1A;1B
**Original Filing Basis** 1A;1B
**Owner**              (APPLICANT) Garcia, Arcelio INDIVIDUAL UNITED STATES 555 Kansas St. San Francisco CALIFORNIA 94107
**Type of Mark**       SERVICE MARK
**Register**           PRINCIPAL
**Live/Dead Indicator** DEAD
**Abandonment Date**   September 19, 2001

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**COPY OF
REGISTRATION**

**Eu 297833**

NOTE: due to the nature of the storage medium
(microfilm), the attached photocopies are the best possible
copies available.





# Copyright Assignment

This Copyright Assignment (hereinafter "Assignment") is made as of this January 30, 2020 from John Casado, President of Casado Inc, 477 Bryant St., San Francisco, California 94107 (hereinafter "Assignor") to Mark Delgado, Principal Member, Richard Bean, Member, Tony Menjivar, Member of MALO Band LLC, 331 Forest Park Boulevard, Oxnard, California 93036 (hereinafter "Assignees").

1. Assignor represents, warrants and confirms that it is the sole creator of "MALO Dragon Motif Logo" (hereinafter "Copyrighted Work").

2. For good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Assignor hereby irrevocably assigns and transfers to Assignees all of Assignor's right, title and interest in the Copyrighted Work described and attached as Exhibit A to this Assignment.

3. The rights hereby granted to Assignees include, with limitation, the right to do any and all acts or things necessary or appropriate to protect the rights granted hereunder, including the copyright, and to institute any actions for such purpose in the name(s) of Assignees, Assignor, or both of them.

4. Assignor further transfer all rights to Assignees necessary to secure registrations, renewals, reissues and extensions to the Copyrighted Work without exception and agrees to participate in said actions should it be deemed necessary by Assignee.

5. Assignor hereby covenants, warrants and represents to Assignees:
(a) Assignor is the sole owner and creator of the Copyrighted Work and has the exclusive right to use, copy, distribute and transfer the Copyrighted Work without limitation.
(b) The Copyrighted Work is free and clear of any liens, encumbrances, licenses or legal claims of any nature contesting the ownership, moral rights, use or creation of the Copyrighted Work by Assignor.

6. Moral Rights - Assignor hereby waives any and all moral rights claims associated with the Copyrighted Work including, but not limited to, the right to be known as the author, the right to object to any alterations to a work, the right to prevent others from being named as the author of a work, the right to prevent others from falsely attributing to one the authorship of work that one has not in fact written, the right to prevent others from making deforming changes in a work, the right to withdraw a published work from distribution if it no longer represents the views of the author, and the right to prevent others from using a work or the author's name in such a way as to reflect on the author's professional standing.

7. This Assignment is governed by the laws of the State of California without regard to its conflict of law rules.

IN WITNESS HEREOF, Assignor executes this Assignment as an individual or as the Assignor's duly authorized representative.

Assignor

_____    Date: 01 / 30 / 2020

Casado Inc
By John Casado, Its President

> A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**STATE OF CALIFORNIA**
**COUNTY OF San Francisco**

On 01 / 30 / 2020 before me, ___BRIAN EDWARD LOKEN, NOTARY PUBLIC___, personally appeared John Casado, who proved to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the within Affidavit and acknowledged to me that he/she executed the same in his/her authorized capacity, and who, being first duly sworn on oath according to law, deposes and says that he/she has read the foregoing Affidavit subscribed by him/her, and that the matters stated herein are true to the best of his/her information, knowledge and belief.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> BRIAN EDWARD LOKEN
> Notary Public - California
> San Francisco County
> Commission # 2211997
> My Comm. Expires Aug 28, 2021

_____    (Notary Seal)
**Signature of Notary Public**

Exhibit A

The Copyrighted Work addressed in this Assignment is described and attached as follows:

1. Description: MALO Dragon Motif Logo

