UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVETTE CASTRO, et al., | No. 2:23–cv–00448-TLN-CKD PS |
| Plaintiffs, | ORDER |
| v. | |
| MIGUEL CASTILO, et al., | |
| Defendants. | |

In this action initially filed on March 10, 2023, plaintiffs Lovette Castro and Malo Corporate Enterprises (MCE) allege that defendants infringed their band's registered trademark, an image of a stylized dragon, to promote other groups. (ECF No. 1.) On September 21, 2023, the Clerk of Court, upon plaintiff's request, entered default against defendant Miguel Castilo (ECF No. 19), but declined to enter default against the other named defendants. (ECF Nos. 20 & 21.)

Presently pending before the court is plaintiff's motion for default judgment against Castilo. (ECF No. 26.) However, Castilo has made an appearance in this action, first by filing a motion to dismiss the complaint on June 8, 2023 (ECF No. 9), and again on September 28, 2023, opposing the Clerk's entry of default. (ECF No. 23.)

/////

/////

1

Rule 55[1] governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a). Obtaining a default judgment is a "two-step process," consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009).

A court may set aside an entry of default for good cause. Rule 55(c). A court considers three factors when examining good cause: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Franchise Holding II, LLC, 375 F.3d at 925-26).

Under this disjunctive standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default even after finding one of the "good cause" factors to be true. See, e.g., id. at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need not.*") (emphasis added). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." Mesle, 615 F.3d at 1091 n.1.

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments. See Mesle, 615 F.3d at 1091

---

[1] Citation to the "Rule(s)" are to the Federal Rule of Civil Procedure unless otherwise noted.

2

("Crucially,...judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible"). Moreover, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Mesle, 615 F.3d at 1089.

Here, good cause exists for setting aside the Clerk's entry of default. Defendant Castilo, proceeding pro se, filed a pleading in this action prior to the entry of default and later argued for the reversal of the entry of default. Moreover, the prejudice factor favors setting aside the default. "To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result in greater harm than simply delaying resolution of the case." Mesle, 615 F.3d at 1095. In this case, there is no indication that plaintiffs' ability to pursue their claim will be hindered by the delay from setting aside the Clerk's entry of default. In light of the longstanding policy favoring resolution on the merits, the undersigned will set aside the default and order defendant Castilo to respond to the complaint.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's entry of default as to Castilo (ECF No. 19) is SET ASIDE;
2. Within 21 days of this order, defendant Castilo shall file his response to the March 10, 2023 complaint; and
3. Plaintiff's motion for default judgment (ECF No. 26) is DENIED as moot.

Dated: November 14, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/castro443.setasidedefault

3