UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVETTE CASTRO, et al., | No. 2:23-cv-00448 TLN CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| MIGUEL CASTILLO, et al., | |
| Defendants. | |

Plaintiffs, proceeding in this action pro se, claim that defendants infringed their band's registered trademark, the image of a dragon ("Malo mark"), to promote other groups. (ECF No. 1.) Before the court is defendants' motion to dismiss this action pursuant to Rule 12(b)(6) or, in the alternative, to stay the action pending resolution of an agency proceeding concerning the validity of the trademark. (ECF No. 30.) Plaintiffs have filed an opposition to the motion. (ECF No. 34). For the reasons set forth below, the court will grant defendants' motion and stay this action.

I. Legal Standard

"District courts have the discretion to stay proceedings pending before them." Patton v. DePuy Orthopaedics, Inc., No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019); see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC, 435 F. Supp. 3d

1

1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted)[1]. In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" Patton, 2019 WL 851933, at *3 (quoting Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

II.  Motion to Dismiss or, Alternatively, Stay the Action

Plaintiffs attach to the complaint a record of the registration of the Malo name and design with the United States Patent and Trademark Office (USPTO) by Arcelio Garcia on January 17, 2006.[2] (ECF No. 1 at 11.) The Malo mark was registered as No. 3044251. (Id.) Plaintiffs also

---

[1] "[A] motion to stay is non-dispositive where it does not dispose of any claims or defenses and [does] not effectively deny ... any ultimate relief sought.'" Le v. Brown, 2021 WL 4940862, n.1 (D. Or. Oct. 22, 2021) (internal quotation marks omitted) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Defendants' motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, this court may resolve the motion to stay without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

[2] As set forth in Anstalt v. Bacardi & Co. Ltd., 2016 WL 7635955, *1 (C.D. Cal. Nov. 16, 2016):

> A person who wishes to register a trademark must file an application with the Patent and Trademark Office ("PTO"). 15 U.S.C. § 1051. The application must include "the date of the applicant's first use of the mark, the date of the applicant's first use of the mark in commerce, the goods in connection with which the mark is used, and a drawing of the mark." § 1051(a)(2). If the trademark examiner believes that registration is warranted, the PTO publishes the mark in its Official Gazette. 15 U.S.C. § 1062(a). . . .
>
> If the opponent asserts a likelihood of confusion, the proponent can counterclaim for a finding that the opponent has abandoned its mark, and can seek cancellation of the abandoned mark. See § 1064(3) (providing for cancellation of registration if, inter alia, the mark has been abandoned). . . .
>
> Following [Trademark Trial and Appeal Board (TTAB)]'s decision, the losing party may appeal to the Federal Circuit. 15 U.S.C. § 1071(a). The Federal Circuit "review[s] the decision from which the appeal is taken on the record." § 1071(a)(4). Alternatively, the losing party may initiate a civil action in the Eastern District of Virginia. § 1071(b)(4).

attach a purported record of assignment of the interest of the Malo mark to plaintiff Lovette Garcia Castro, representative of the deceased Arcelio Garcia, on March 4, 2022. (Id. at 10.)

On August 13, 2021, Richard Bean and Malo Band LLC (not parties to this action) filed a petition for cancellation of the trademark registered with the USPTO as No. 3044251. (ECF No. 30-1, Lowe Decl., at ¶3 & ECF No. 30-2, Defs.' Exh. A.) On March 18, 2022, Malo Band LLC filed an amended petition for cancellation of the Malo mark. (Lowe Decl., at ¶ 4 & ECF No. 30-3, Defs.' Exh. B.) The amended petition asserts, in part, that the Malo mark registered by the late Arcelio Garcia "has not been assigned to anyone in writing, nor could it be" and that "[e]ven if Garcia's former band using the Registration continues to perform, it is without a proper chain of title[.]"[3] (ECF No. 30-3 at 5.)

On September 28, 2023, the Trademark Trial and Appeal Board (TTAB) issued an order in the cancellation proceeding, ruling on discovery issues and setting a schedule for the proceeding with deadlines throughout 2024. (Lowe Decl., at ¶ 5 & ECF No. 30-4, Defs.' Exh. C.) The schedule provides that the parties are entitled to request an oral hearing on or before December 28, 2024. (Id.) Thus, no final outcome will be forthcoming until 2025.

Defendants contend that the instant action should be stayed pending the outcome of the TTAB proceedings. They assert that, in the event that the non-party petitioners are successful in the cancellation proceeding, "the instant action would effectively be rendered moot as [plaintiff] Malo Corp. would have no cognizable rights in the Mark and thus, be unable to avail itself of any claim under" federal trademark law. (ECF No. 30 at 18.)

Plaintiffs counter that the "[p]etition for cancellation by [non-parties to this action] does not remove and did not remove the Garcia mark from the federal registry and does not stay the exclusive rights of Mr. Garcia. . . . [T]he Garcia mark was inherited by his family and the rights in and to the Mark remain the property of plaintiffs." ECF No. 34 at 4-5.

TTAB proceedings under § 1063(a) are similar to civil actions in federal district court. See TTAB Manual of Procedure § 102.03 (2018) ("TBMP"). The proceedings are largely

---

[3] Needless to say, the court has no opinion on the validity of these claims, but merely sets them out to show what is at issue in the agency proceedings.

governed by the Federal Rules of Civil Procedure, and they permit discovery and depositions. See B&B Hardware, Inc. v. Hargis Indus., 57 U.S. 138, 143 (2015) (citing 37 C.F.R. §§ 2.116(a), 2.120, 2.122(a), 2.123(a)). The party opposing registration bears the burden of proof. Id. In some cases, the TTAB suspends its own proceedings while a related district court action proceeds. See, e.g., NCAA v. Ken Grody Mgmt., 2018 WL 5099489 at *2 (C.D. Cal. April 13, 2018) ("Given that the TTAB has already suspended its own proceedings and that the instant action involves infringement claims that cannot be resolved by the TTAB, the Court declines to stay or dismiss this action in favor of the TTAB proceedings"), citing Hangingout, Inc. v. Google, Inc., 2015 WL 11254689, *5 (S.D. Cal. June 3, 2015) ("The currently stayed TTAB proceedings [and] the inclusion of an infringement claim which the TTAB cannot resolve ... weigh against concluding that a stay of this case would be efficient."). In the instant case, however, there is no indication that the TTAB has suspended, or is likely to suspend, its proceedings regarding the Malo mark.

In other cases, "it may [be] more efficient . . . for the TTAB to rule on the cancellation first, given TTAB's expertise." NCAA, 2018 WL 5099489, *1. In Anstalt, 2016 WL 7635955, *3, the district court granted a stay of a trademark infringement claim pending a TTAB proceeding where "the TTAB proceeding has the potential to moot [plaintiff's] principal claim, given [a TTAB claim] for cancellation of [plaintiff's] registration." The court invoked the Ninth Circuit's guidance in Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1164-65 & n.13 (9th Cir. 2007) that "'[t]he deciding factor should be efficiency,' which means that 'district courts should defer to ... TTAB in cases where that would be the more efficient course of action.'" Id. at *4.

Here, as in Anstalt, the relevant factors weigh in favor of a stay. Plaintiffs have not shown that they would be prejudiced in any specific way by the granting of a stay, nor have they shown hardship or inequity. The relief they seek in the complaint, including "the gross sum earned from ticket sales [and] sales of merchandise" involving the allegedly infringed Malo mark, will still be available as damages after the TTAB proceeding concludes. (ECF No. 1 at 6.) As to the third factor, judicial resources would be saved by permitting the TTAB to determine, in its expertise, the status of plaintiffs' rights concerning the Malo mark before ruling on whether these rights were infringed. It appears that the TTAB outcome will either moot plaintiffs' infringement claim

4

or bolster it to subsequently pursue in district court.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss or, in the alternative, stay this action (ECF No. 30) is GRANTED;

2. Within 10 days of the final judgment in the related TTAB proceeding, the parties shall file a joint notice informing the court us of that fact and attaching a copy of TTAB's final judgment;

3. In the joint notice, the parties shall set forth their positions on whether the stay should be lifted, or whether it should remain in effect pending the resolution of any appeal to the Federal Circuit, or any civil action initiated before Eastern District of Virginia; and

4. The Clerk shall administratively close this matter pending future order of the court.

Dated:  May 14, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/castro448.mtn to stay_ord

5